## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LEE ALLEN,** | : | **CIVIL ACTION NO. 1:06-CV-0247** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **THE PENNSYLVANIA SOCIETY FOR** | : | |
| **THE PREVENTION OF CRUELTY TO** | : | |
| **ANIMALS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 21st day of April, 2006, upon consideration of the document

(Doc. 18) captioned "second stipulation regarding defendants' time within which to

file a responsive pleading" and executed by counsel for plaintiff and by counsel for

defendants Deb Witmer, Jill Troutman, and Harrisburg Area Humane Society, Inc.

(collectively, the "Humane Society defendants"), in which counsel agree that

plaintiff shall have additional time to file a second amended complaint, and that the

Humane Society defendants shall not file a response to the original complaint,[1] and

upon further consideration of a pending motion to dismiss (Doc. 9), filed by

defendants The Pennsylvania Society for the Prevention of Cruelty to Animals and

Elisabeth Pennell Hopkins, and of notices (Docs. 13, 14) of service of discovery, and

---

[1] The Federal Rules of Civil Procedure do not grant the parties independent authority to extend case management deadlines absent approval by the court. <u>See</u> FED. R. CIV. P. 6(b), 12(a), 16(b); <u>see also</u> L.R. 1.3, 7.6; <u>cf.</u> FED. R. CIV. P. 29 (stating that parties may generally modify discovery deadlines by stipulation but that court approval is required if a modification "would interfere with" case management deadlines).

it appearing that a response to the motion to dismiss (Doc. 9) was due on or before

April 14, 2006, see FED. R. CIV. P. 12(b); L.R. 7.6 ("Any party opposing any motion

shall file a responsive brief . . . within fifteen (15) days after service of the movant's

brief . . . . [or] shall be deemed not to oppose such motion."), and that as of the date

of this order plaintiff has not filed, nor sought an enlargement of time in which to

file, a response to that motion, see FED. R. CIV. P. 6(b)(2) ("[When] an act is required

or allowed to be done at or within a specified time, the court . . . [may] upon motion

made after the expiration of the specified period permit the act to be done where

the failure to act was the result of excusable neglect . . . ."); see also In re O'Brien

Env. Energy, Inc., 188 F.3d 116, 125-26 & n.7 (3d Cir. 1999) (discussing factors to be

weighed in determining the existence of excusable neglect), and it further

appearing that the court did not direct the filing of the notices of service of

discovery (Docs. 13, 14), and that the filing of such notices is not authorized by the

Federal or Local Rules of procedure, cf. L.R. 5.4(b) ("Interrogatories, requests for

disclosures, requests for documents, requests for admissions, and answers and

responses thereto shall be served upon other counsel and parties but shall not be

filed with the court except as authorized by a provision of the Federal Rules of Civil

Procedure or upon order of the court."), and the court finding that plaintiff has not

demonstrated excusable neglect for failing to respond to the pending motion to

dismiss (Doc. 9), see FED. R. CIV. P. 6(b)(2), but that granting an enlargement of time

to file an amended complaint is in the interests of justice and may resolve the

pending motion, it is hereby ORDERED that:

1.   The document (Doc. 18) captioned "second stipulation regarding defendants' time within which to file a responsive pleading" is CONSTRUED as a motion for an enlargement of time and GRANTED as so construed.  <u>See</u> Fed. R. Civ. P. 6(b).

2.   On or before May 1, 2006, plaintiff shall file either an amended complaint or a response to the pending motion to dismiss (Doc. 9).

   a.   If plaintiff files an amended complaint, defendants shall file an appropriate response on or before May 15, 2006.

   b.   If plaintiff files a response to the pending motion to dismiss (Doc. 9), defendants Deb Witmer, Jill Troutman, and Harrisburg Area Humane Society, Inc., shall file, on or before May 15, 2006, an appropriate response to the original complaint.

   c.   Failure to file either an amended complaint or a response to the pending motion to dismiss (Doc. 9) may result in the granting of the motion.  <u>See</u> L.R. 7.6.

3.   The Clerk of Court is directed to STRIKE the notices (Docs. 13, 14) of service of discovery from the docket.


   <u>S/ Christopher C. Conner</u>
   CHRISTOPHER C. CONNER
   United States District Judge