IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LEE ALLEN,** | : | **CIVIL ACTION NO. 1:06-CV-0247** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **THE PENNSYLVANIA SOCIETY FOR** | : | |
| **THE PREVENTION OF CRUELTY TO** | : | |
| **ANIMALS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

### PROTECTIVE ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The parties agree that discovery in this case may require the disclosure of confidential personnel records and that a protective order is necessary. However, the parties have been unable to agree upon the appropriate terms and conditions of a protective order and have asked the court to intervene.

AND NOW, this 10th day of August, 2007, it is hereby ORDERED that access and dissemination of discovery materials shall be governed by the following provisions:

### A.  "CONFIDENTIAL" MATERIALS AND INFORMATION

1.  **Scope of "Confidential" Designation.** Counsel for a party may specifically designate as "CONFIDENTIAL" any materials, information or testimony concerning personnel records or issues; tax filings; business or financial records; and other materials, information or testimony falling within the scope of confidential materials and/or information recognized by the courts. Additionally, the court deems all documents produced by the Pennsylvania State Police pursuant to the subpoena served by Attorney Elizabeth J. Anderson to be "CONFIDENTIAL."

2.  **Sources of "Confidential" Materials and Information.**
    "CONFIDENTIAL" materials and information include any materials
    or information disclosed in discovery or otherwise including, but not
    limited to, information disclosed in an interrogatory answer; materials
    disclosed in response to a request for production; materials or
    information disclosed in response to a subpoena; and deposition
    testimony and exhibits.

3.  **Required "Confidential" Legend.**   Materials, information or
    testimony designated "CONFIDENTIAL" by counsel for the party
    producing or providing such information shall bear the legend
    "CONFIDENTIAL."  Additionally, Attorney Elizabeth J. Anderson is
    directed to affix the legend "CONFIDENTIAL" to all documents
    produced by the Pennsylvania State Police pursuant to subpoena.

4.  **Access to "Confidential" Materials or Information.**  Access to
    "CONFIDENTIAL" materials or information shall be limited to the
    following designated persons:

    (a)  This Court or any other court to which this case may be
         transferred or to which any appeal is taken;

    (b)  "Counsel," is defined as outside counsel retained by a party to
         this litigation, those employees of outside counsel necessary to
         assist in this litigation, and in-house counsel of a party;

    (c)  The parties;

    (d)  Independent experts who are to testify (testifying experts) or
         whose expertise and training is required by the attorneys for
         the named parties to prepare for trial (consulting experts);

    (e)  Deponents, provided the materials or information is used solely
         for purposes of this lawsuit; and

    (f)  Court reporters and stenographers whose services are used in
         connection with this action and other persons working for such
         reporters or stenographers.

5.    **Materials Designated "Confidential" May be Used Only in this Litigation.**   All materials, information and testimony designated "CONFIDENTIAL," as described herein, as well as duplicates, notes, memoranda and other documents that disclose, in whole or in part, the contents of confidential materials, information  or testimony shall be maintained in the strictest confidence by the parties and counsel, shall be used solely for purposes of the above-captioned lawsuit and shall not be disclosed to any other person or entity including, but not limited to, the media (print, broadcast, electronic or otherwise), other attorneys or law firms, the Pennsylvania Trial Lawyers Association ("PaTLA"), the Association of Trial Lawyers of America ("ATLA"), or clearinghouses for documents or exhibits produced in and/or used in litigation.

6.    **Duration of Protective Order.**   After the conclusion of this litigation, the provisions of this Protective Order shall remain in force, and the Court shall retain jurisdiction over the parties to enforce the provisions of this Protective Order.

7.    **Objections to Designation.**   If counsel for a party objects to a "CONFIDENTIAL" designation, he/she shall so advise counsel for the producing party in writing as soon as practicable.  If counsel for the producing party does not withdraw the designation within five (5) business days after receipt of an objection, counsel for the objecting party may move the Court to determine whether the disputed material, information or testimony has properly been designated "CONFIDENTIAL."  Pending a ruling by the Court on the motion of the objecting party, all material, information or testimony designated "CONFIDENTIAL" shall be governed by the limitations of this Protective Order.

8.    **Filing Under Seal.**   Any motion, brief or other filing that contains, refers to, attaches or incorporates "CONFIDENTIAL" materials, information or testimony shall be filed with the Court under seal.  The party making such a filing need not separately move the Court for permission to make a filing under seal, but it shall place the filing in a sealed envelope with a cover sheet substantially in the form of Exhibit 1 hereto.

9.    **Attestation Required.**   Persons described in Paragraphs A4c to A4f shall not be given access to "CONFIDENTIAL" materials, information or testimony unless and until such persons agree in writing, under oath, to the Attestation set forth in Exhibit 2 hereto, the original of which shall be retained by the attorney obtaining the same.

10.   **Disclosure of Experts.**   No party shall be required to reveal the identity of a consulting expert unless the Court determines that such disclosure is required to enforce the provisions of this Protective Order and/or to impose sanctions upon any expert whom the Court determines may have violated his or her attestation.  The identity of a testifying expert, however, shall be disclosed in accordance with the requirements of the Federal Rules of Civil Procedure or Court Order.

11.   **Deposition Use of Designated Materials, Information or Testimony.** Materials, information and testimony designated  "CONFIDENTIAL" may be used during the course of any deposition taken in this action, subject to the following conditions:

(a)   **Deposition Attendees.**  Only designated persons as defined in Paragraph A4b to A4f may be in attendance at the deposition at the time that the information and/or materials are used.

(b)   **Deponents to be Bound by this Protective Order.**   A deponent shall be advised on the record or in writing of the existence and contents of this Protective Order, and the witness shall explicitly agree on the record or in writing to be bound by its terms.  If a witness refuses to be bound by the Protective Order, the parties agree to immediately seek an Order of the Court directing compliance.  If this is not feasible, the examining attorney may still ask questions concerning the materials and/or information, although the materials and/or information shall not be shown to the witness and the deposition shall be designated under seal until further Order of the Court.

12.    **Disposition of "Confidential" Materials Upon Conclusion of this Litigation.**

    (a)    **Materials Designated "Confidential".**  All "CONFIDENTIAL" discovery materials or information, including originals, copies, abstracts or summaries thereof, shall be returned at the conclusion of the lawsuit to the attorney for the party that produced the material, and **no  copies thereof shall be retained by any other person or entity**.  At the conclusion of this matter, any party who has filed or submitted "CONFIDENTIAL" materials or information to the Court shall retrieve those materials or information from the Court, and the Court file shall not contain copies of such materials or information after this matter is concluded.   The disposition of the retrieved materials or information shall be governed by this Paragraph.

    (b)    **All Materials and Information Subject to this Protective Order Shall be Retrieved From Experts at the Conclusion of this Litigation.**  If "CONFIDENTIAL" material is furnished to a testifying or consulting expert, the attorney for the party retaining such expert shall have the responsibility of ensuring that all such material, including abstracts and summaries thereof, is returned to the party which originally produced the "CONFIDENTIAL" materials or information.

    (c)    **Retention of Mental Impressions of Counsel.**  Counsel for a party may retain only abstracts or summaries of discovery materials which contain counsel's mental impressions or opinions.  Such abstracts or summaries shall, however, remain subject to the terms of this Protective Order.

13.    **Privileged and Peer Review Protected Materials and Information are Shielded from Discovery.**  Nothing in this Protective Order shall be construed as requiring the production of privileged (subject to the attorney-client, physician-patient or other confidentiality shield under federal or state law) or peer review protected materials or information.  A party claiming such a privilege shall produce a privilege log.

14.   **Preservation of Objections.**   A party does not waive objections including, but not limited to, those based on relevance, authenticity, hearsay or admissibility to materials, information or testimony as a result of designating materials, information or testimony "CONFIDENTIAL."

15.   **Separated Employees.**   Upon an employee's separation from his/her employment with counsel, counsel shall present for execution to any such employee who had access to "CONFIDENTIAL" materials or information a copy of the Attestation set forth in Exhibit 2. Presentation of the Attestation, even if the employee refuses to execute such Attestation, shall satisfy counsel's obligation to ensure that former employees do not violate the terms and conditions of the Protective Order.  The original of any such Attestation shall be retained by counsel obtaining same and the separated employee shall be given a copy of his/her executed Attestation.  If the separated employee refuses to execute the Attestation, then counsel shall prepare and execute an affidavit identifying the separated employee and specifying the date and time at which the separated employee refused to execute an Attestation.  Counsel shall immediately provide to opposing counsel a copy of the affidavit.

16.   **Enforcement or Modification.**  Any party may apply to the Court at any time, in accordance with the Federal and Local Rules of Civil Procedure, for enforcement or modification of this Protective Order with respect to the handling of any materials or information.  If a party violates the terms of this Protective Order, the injured party may seek relief from the Court and shall be entitled to recover from the party who violated this Protective Order its attorney fees and costs incurred in enforcing the terms of this Protective Order, in addition to any other relief ordered by the Court.


 S/ Christopher C. Conner    
CHRISTOPHER C. CONNER
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT LEE ALLEN,** | : | **CIVIL ACTION NO. 1:06-CV-0247** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **THE PENNSYLVANIA SOCIETY FOR** | : | |
| **THE PREVENTION OF CRUELTY TO** | : | |
| **ANIMALS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**[NAME OF FILING]**

FILED UNDER SEAL PURSUANT TO STIPULATED PROTECTIVE ORDER
ENTERED ON OCTOBER 10, 2003.

       Attorney name
       Address
       Telephone

**EXHIBIT "1"**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LEE ALLEN,** | : | **CIVIL ACTION NO. 1:06-CV-0247** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **THE PENNSYLVANIA SOCIETY FOR** | : | |
| **THE PREVENTION OF CRUELTY TO** | : | |
| **ANIMALS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ATTESTATION PURSUANT TO PROTECTIVE ORDER

I, _____, being duly sworn according to law, do

hereby depose and state that I have read and am fully familiar with the provisions

of the Protective Order dated August 10, 2007, signed by the Honorable

Christopher C. Conner of the United States District Court for the  Middle District

of Pennsylvania and filed in the above-captioned matter.

As a condition precedent to my review or examination of any of the

documents or other materials produced pursuant to the Protective Order or my

obtaining any information contained in said documents or other materials, I

hereby agree that the Protective Order is directed to and includes me, and I shall

observe and comply with the provisions of the Protective Order.

I further agree and attest to my understanding that, in the event that I fail to abide by the  terms of the Protective Order, I may be subject to sanctions, including contempt, imposed by the Court.

Dated: _____          _____
                                                       Signature

                                       _____
                                                       Print Name

                                       _____
                                                       Occupation

                                       _____
                                                       Employer

                                       _____
                                                       Home Address

SWORN TO AND SUBSCRIBED
BEFORE ME THIS _____ DAY
OF _____, 2003

_____
        Notary Public

**EXHIBIT "2"**